1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY DEVINE HARLAN DE BECERRIL,

Plaintiff,

v.

CAROLYN COLVIN,

Defendant.

Case No. C14-167RSL

ORDER ADOPTING REPORT AND
RECOMMENDATION

The Court has reviewed and carefully considered the Report and Recommendation ("R &
R") of United States Magistrate Judge James P. Donohue, Dkt. # 19, plaintiff's "Objections To
The Magistrate's Report And Recommendation," Dkt. # 21, and defendant's "Response To
Plaintiff's Objections To Report And Recommendations," Dkt. # 23.  The Court ADOPTS the
Report and Recommendation for the following reasons:

## I. BACKGROUND

Plaintiff objects on the grounds that the ALJ erred in her assessment of the medical
opinion of consultative examining physician Kim Liu, DO, and that Judge Donohue erred in
overlooking this failure and by attempting to justify the ALJ's decision in spite of it.  Dkt. # 21.

The ALJ gave Dr. Liu's opinion "significant weight" in reaching her decision.  AR at 18.
In describing plaintiff's functional limitations, Dr. Liu's report stated that she believed that
during a typical eight-hour work day, plaintiff "may sit with breaks every 30 minutes, stand and

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

1    walk with breaks every 15-20 minutes." AR at 254-55. In her decision, the ALJ stated that "Dr.

2    Liu opined that, during the typical eight-hour workday day, the claimant would be able to sit

3    with breaks every 30 minutes." AR at 16. The ALJ later reached the following conclusion:

4    "Although the claimant's representative argued that Dr. Liu's opinion implied a 5-minute break

5    at each 30-minute interval, I disagree, and I do not interpret Dr. Liu's opinion as that restrictive."

6    AR at 18. The decision later referred to Dr. Liu's opinion as one that "the claimant would need

7    to change position after 30 minutes of sitting," id., and not one that plaintiff would need to take a

8    5-minute break after 30 minutes of sitting. Plaintiff emphasizes the distinction, noting that the

9    vocational expert in her case testified that the need to take a five-minute break every 30 minutes,

10   or even every 60 minutes, would preclude competitive employment. AR at 43.

11   Arguing that Dr. Liu's view was clearly that plaintiff would need such breaks, plaintiff

12   contends that the ALJ rejected Dr. Liu's opinion without providing an adequate explanation, and

13   improperly presented a hypothetical to the vocational expert that was inconsistent with Liu's

14   evidence. Dkt. # 21 at 2. Plaintiff argues that these actions make the decision fatally flawed

15   under Ninth Circuit precedent and require reversal and remand. Id. at 2, 6.[1] In objecting to

16   Judge Donohue's R & R, plaintiff argues that the Court impermissibly attempted to use other

17   parts of the administrative record to justify a decision that the ALJ did not adequately explain

18   and reached incorrectly. Id. at 7.

## II. LEGAL STANDARD

20   Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the

21   R & R that has been properly objected to and may accept, reject or modify the recommended

22   disposition. Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

24   It is true that an ALJ may not reject an examining physician's opinion without providing

---

26   [1] Plaintiff seems to entertain the notion that the ALJ misconstrued Dr. Liu's opinion. See id. ("Here there is no ambiguity or conflict save that generated by the ALJ."). However, plaintiff's

27   argument is still that the ALJ in essence rejected it. Id.

28   ORDER ADOPTING REPORT AND RECOMMENDATION - 2

1  specific reasons supported by substantial evidence in the record.  Bayliss v. Barnhart, 427 F.3d

2  1211, 1215 (9th Cir. 2005).  However, it is clear that the ALJ's decision rests on the notion that

3  Dr. Liu's report did not imply that plaintiff would need a 5-minute break after sitting for 30

4  minutes.  The ALJ did not "reject" the proposition that plaintiff would need such breaks; her

5  decision held that Dr. Liu did not make this proposition and put it in issue.  The question

6  presented is whether this interpretation of Dr. Liu's report was sound.

7      This Court concurs with Judge Donohue's finding that the ALJ's interpretation of Dr.

8  Liu's report was reasonable.  Furthermore, consistent with the R & R, the Court finds that the

9  ALJ did not have to further explain her conclusions, given that her interpretation of Dr. Liu's

10  report did not conflict with any of the other medical evidence.  Dkt. # 19 at 7-8.  Contrary to

11  plaintiff's contention, the Court does not interpret the R & R's citations to other parts of the

12  record as attempts to affirm a flawed decision on grounds not considered or articulated by the

13  ALJ.  Rather, Judge Donohue was merely confirming that the ALJ's findings were supported

14  (and not contradicted) by substantial evidence in the record as a whole, which is the Court's

15  obligation under 42 U.S.C. § 405(g).  See Bayliss, 427 F.3d at 1214 n. 1.  Plaintiff's objections

16  are overruled.

## IV.  CONCLUSION

18      For all of the foregoing reasons, the Court ADOPTS the Report and Recommendation.

19  Dkt. # 19.  Plaintiff's action is hereby DISMISSED.

21      DATED this 22nd day of December, 2014.

                    Robert S. Lasnik
                    United States District Judge

28  ORDER ADOPTING REPORT AND RECOMMENDATION - 3